# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL GRAYSON,          )
                                 )
             **Plaintiff,**         )
                                 )        **CIVIL ACTION**
v.                               )
                                 )        **No. 06-2375-KHV**
STATE OF KANSAS, et al.,      )
                                 )
            **Defendants.**       )
_____)

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

Michael Grayson is on probation and under supervision pursuant to the Interstate Compact for Adult Offender Supervision ("ICAOS"), K.S.A. § 22-4110 et seq.; Mo. Rev. Stat. § 589.500 et seq. Grayson brings suit against the State of Kansas, the Kansas Department of Corrections ("KDOC"), Keven Pellant (ICAOS administrator for KDOC), Jerry Bauer (deputy ICAOS administrator for KDOC), Krisha Krumroy (employee of Kansas Post-Release Parolee Department), the Unified Government of Kansas City, Kansas/Wyandotte County ("Wyandotte County"), LeRoy Green, Jr. (Wyandotte County Sheriff), the Kansas City Parole Office ("KCPO"), John Sledd (special enforcement parole officer) and parole supervisors Don Schwartz and Mark Keating. Plaintiff also brings suit against the Missouri Department of Corrections ("MDOC"), Dana Thompson (ICAOS administrator for the Missouri Board of Probation and Parole), Wanda LaCour (deputy ICAOS administrator for the Missouri Board of Probation and Parole), Tim Wholf (parole officer), the Missouri Interstate Compact Agency ("MICA") and MICA probation and parole officers Abby McAdams and Patricia Meade.[1] Plaintiff alleges a violation of the due process clause of the Fourteenth Amendment under 42 U.S.C. § 1983, and

---

[1]     Collectively, the complaint identifies this second group of defendants as the "Missouri defendants."

negligence under state law.[2]  This matter comes before the Court on <u>Defendants [Kansas] Department Of Corrections And Kansas City Parole Office Motion To Dismiss</u> (Doc. #44) filed February 15, 2007, <u>Defendants' Pellant, Bauer And Schwartz Motion To Dismiss</u> (Doc. #47) filed February 20, 2007, <u>Defendants' Keating And Sledd Motion To Dismiss</u> (Doc. #55) filed February 26, 2007, the <u>Motion To Dismiss</u> (Doc. #62) which the MDOC,[3] Dana Thompson, Wanda LaCour, Tim Wholf and Abby McAdams filed March 2, 2007, and the <u>Missouri Defendants' Motion For Application Of Motion To Dismiss To Plaintiff's Second Amended Complaint</u> (Doc. #95) filed April 27, 2007.  For reasons set forth below, the Court sustains the motions of KDOC, KCPO, Pellant, Bauer, Schwartz, Keating and Sledd.  It also sustains the motion to apply the motion to dismiss to plaintiff's second amended complaint and sustains in part the motion to dismiss of MDOC, Thompson, LaCour, Wholf and McAdams.  Finally, it orders plaintiff to show cause why some or all of his claims against Thompson, LaCour, Wholf, McAdams, the State of Kansas, LeRoy Green, Jr., MICA and Meade should not be dismissed for lack of subject matter jurisdiction and/or failure to state a claim on which relief can be granted.

---

[2]     Plaintiff alleges that defendants violated his "rights of due process as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution."  <u>Second Amended Complaint</u> (Doc. #84) filed April 4, 2007 ¶ 39.  The Fourth Amendment does not contain a due process clause, <u>see</u> <u>Moore v. Bd. of County Comm'rs of the County of Leavenworth</u>, 470 F. Supp.2d 1237, 1246 n.18 (D. Kan. 2007), and the due process clause of the Fifth Amendment applies to actions by the federal government, <u>see</u> <u>Sigg v. Dist. Court of Allen County, Kan.</u>, No. 06-2436-KHV, 2007 WL 913926, at *5 n.9 (D. Kan. Mar. 23, 2007).  Because plaintiff complains solely of state action, the Court interprets his due process claim as one arising under the Fourteenth Amendment.  <u>See id.</u>

[3]     The Missouri Probation and Parole Division purports to bring the motion to dismiss, but it is not named as a defendant in the case.  The Court notes, however, that under Missouri law the Board of Probation and Parole is a division of the Missouri Department of Corrections.  <u>See</u> Mo. Rev. Stat. § 217.015(2)(3).  The Court therefore construes the motion as one brought by the Missouri Department of Corrections, which is named as a defendant in the case.

**Legal Standards**

Defendants seek to dismiss plaintiff's claims under Rules 12(b)(1), (b)(2) and (b)(6), Fed. R. Civ. P., for lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim on which relief can be granted.  Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations.  Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)).  Defendants challenge the face of the complaint, so the Court presumes the accuracy of plaintiff's factual allegations and does not consider evidence outside the complaint.  Id.  Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3).  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction.  Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).  Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).  Conclusory allegations of jurisdiction are not enough.  Id.

The standard which governs a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) is well established.  Plaintiff bears the burden of establishing personal jurisdiction over defendants.  OMI Holdings, Inc. v. Royal Ins. Co., 149 F.3d 1086, 1091 (10th Cir. 1998).  In the preliminary stages of litigation, this burden is light, and the Court must accept the well-pleaded

allegations of the complaint as true to the extent they are uncontroverted. Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995). Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." Pytlik v. Prof'l Res., Ltd., 887 F.2d 1371, 1376 (10th Cir. 1989).

A Rule 12(b)(6) motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). The Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### **Factual Background**

Plaintiff's second amended complaint is summarized as follows:

Plaintiff, a resident of the State of Kansas who was on probation in the State of Missouri, agreed to transfer his probation supervision to Kansas authorities. Subsequently, the State of Kansas and/or Wyandotte County assumed supervision of plaintiff's probation under the ICAOS. On September 29, 2004, plaintiff was arrested and incarcerated for an alleged violation of probation.[4] Plaintiff had a hearing under Morrissey v. Brewer, 408 U.S. 471, 485 (1972), which resulted in a finding of probable

---

[4]        The complaint does not allege who arrested plaintiff or where he was arrested.

cause to hold plaintiff for transfer to the State of Missouri.[5]  From October 8, 2004 until April of 2005, the Wyandotte County Sheriff's Department held plaintiff at the Wyandotte County Adult Detention Facility.  Plaintiff informed the Kansas defendants on numerous occasions that he was being held without just cause and should be transferred to the State of Missouri.  The Kansas defendants knew or should have known that they had wrongfully detained plaintiff, but they negligently failed to notify the Missouri Parole Department that plaintiff was incarcerated and they did not take action to release him. In detaining plaintiff without due process, the Kansas defendants acted pursuant to policy or custom. The Missouri defendants also knew that plaintiff was being wrongfully detained, but they negligently failed to secure custody in a reasonable amount of time.  In April of 2005, plaintiff was transferred to the State of Missouri and released.[6]

Plaintiff sues under Section 1983, alleging that all defendants denied him procedural due process in violation of the Fourteenth Amendment.  Plaintiff also sues all defendants under state law theories of negligence.

## Analysis

### I.   Kansas Department Of Corrections And Kansas City Parole Office

KDOC and KCPO argue that the Court should dismiss plaintiff's claims because they lack

---

[5]      The complaint does not allege who conducted the hearing or when the hearing was conducted.
In Morrissey, the Supreme Court held that where an individual is arrested on suspicion of a parole violation, "due process would seem to require that some minimal inquiry be conducted . . . in the nature of a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions."  These due process principles extend equally to individuals arrested on suspicion of a probation violation.  Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973).

[6]      The complaint does not allege which defendants (if any) transferred plaintiff to the State of Missouri.

capacity to be sued under Kansas law.[7]  Plaintiff has not responded.  Under Kansas law, absent express

statutory authority, legislatively-created government agencies lack the capacity to sue or be sued.

Hopkins v. State, 237 Kan. 601, 606, 702 P.2d 311, 316 (1985).  Here, KDOC is a creature of statute,

see K.S.A. § 75-5203, but Kansas law does not authorize it to sue or be sued.  Similarly, as an office of

KDOC, KCPO also lacks capacity to be sued.  The Court therefore sustains the motion to dismiss under

Rule 12(b)(2).

## II.     Kansas Defendants Keven Pellant, Jerry Bauer And Don Schwartz

Pellant (ICAOS administrator for KDOC), Bauer (deputy ICAOS administrator for KDOC) and

Schwartz (parole supervisor) argue that the Court should dismiss plaintiff's claims under Rule 12(b)(5)

for insufficient service of process and under Rule 12(b)(6) for failure to state a claim on which relief can

be granted.

### A.     Insufficient Service Of Process

Pellant, Bauer and Schwartz argue that plaintiff did not serve them in compliance with Rule 4(e).

Specifically, they argue that plaintiff served them at their respective places of business rather than at

their dwellings or through their agents.  In his response to this motion, plaintiff states that he "has

attached hereto a letter from [defense] counsel Shelly Starr waiving service of process."  Plaintiff argues

that this waiver cures any deficiency of service.

---

[7]     KDOC and KCPO seek dismissal under Rule 12(b)(6) for failure to state a claim. Whether defendants possess the capacity to be sued, however, presents a jurisdictional question.  See Corder v. Kan. Bd. of Healing Arts, 256 Kan. 638, 667, 889 P.2d 1127, 1144-45 (1994) (court has no jurisdiction where government entity not granted power by statute to sue and be sued); Whayne v. Kansas, 980 F. Supp. 387, 392 (D. Kan. 1997) (capacity to sue and be sued necessary to establish jurisdiction).  The Court therefore considers defendants' motion under Rule 12(b)(2), which governs dismissals for lack of personal jurisdiction. See Wright v. Durham County Jail & Staff, No. 1:00CV922, 2002 WL 737730, at *2 (M.D.N.C. Mar. 4, 2002) (dismissing claim under Rule 12(b)(2) where government agency lacked capacity to be sued).

Plaintiff's response, however, does not suggest that Pellant, Bauer and Schwartz waived service of process. Such a letter with respect to Pellant, Bauer and Schwartz is insufficient to constitute a formal waiver of service. See Fed. R. Civ. P. 4(d)(4) (plaintiff must file waiver with court to effectuate service); see also Bernard v. Husky Truck Stop, 45 F.3d 439 (Table), 1995 WL 4087, at *1 (10th Cir. Jan. 6, 1995) (compliance with Rule 4 requires plaintiff to file waiver with court); Queen v. Feden, No. 04-2607-JWL, 2005 WL 1941693, at *19 (D. Kan. Aug. 12, 2005) (same). Because plaintiff has not filed any waiver of service with the Court, he must comply with the service requirements of Rule 4(e) which governs service on individuals.

Rule 4(e) provides that service may be effected by personal delivery, delivery at the individual's dwelling house or usual place of abode, delivery on the individual's authorized agent, or pursuant to the laws of the State of Kansas. Kansas law provides for service upon individuals as follows:

> service of process . . . shall be made . . . [u]pon an individual . . . by serving the individual or by serving an agent authorized by appointment or by law to receive service of process. . . . Service by return receipt delivery shall be addressed to an individual at the individual's dwelling house or usual place of abode and to an authorized agent at the agent's usual or designated address. If service by return receipt delivery to the individual's dwelling house or usual place of abode is refused or unclaimed, the sheriff, party or party's attorney seeking service may complete service by certified mail, restricted delivery, by serving the individual at a business address after filing a return on service stating the return receipt delivery to the individual at such individual's dwelling house or usual place of abode has been refused or unclaimed and a business address is known for such individual.

K.S.A. § 60-304(a). Service on Pellant, Bauer and Schwartz at their places of business – before attempted service at their dwellings or through their agents – does not comply with any method of service described under Rule 4(e) or Kansas law.[8] The Court therefore sustains the motion to dismiss

---

[8]    Although Kansas law recognizes that substantial compliance with service of process is sufficient, see K.S.A. § 60-204, plaintiff does not argue that he has substantially complied with Kansas

(continued...)

plaintiff's claims against Pellant, Bauer and Schwartz for insufficient service of process under Rule 12(b)(5).

### B.     Failure To State A Claim

Pellant, Bauer and Schwartz argue that the complaint does not state a claim because (1) plaintiff has not alleged their personal participation in any constitutional violation under Section 1983, and (2) plaintiff does not allege that they owed him a duty of care under Kansas negligence law.[9]

#### i.     Section 1983

Pellant, Bauer and Schwartz argue that plaintiff has not stated a claim under Section 1983 because he has not alleged their personal participation in any constitutional violation. Plaintiff responds that the complaint alleges that (1) all defendants failed to notify the State of Missouri of his incarceration or take action to release him, thereby violating his constitutional rights, and (2) all defendants exhibited deliberate indifference to his constitutional rights.

To state a claim under Section 1983, plaintiff must allege defendant's direct personal responsibility for the claimed deprivation of a constitutional right. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). In other words, personal participation is an essential allegation in a Section 1983 claim, and "[f]ailure to allege that a government official was personally involved in violating a plaintiff's constitutional rights is fatal to [such] claim." Treff v. Barnes, 91 F.3d 160 (Table), 1996 WL

---

[8](...continued)
law in this case.

[9]     Pellant, Bauer and Schwartz also argue that the complaint does not state a claim against them in their official capacities under Section 1983 because they are not "persons" within the meaning of Section 1983 and they are entitled to Eleventh Amendment immunity as state officials. Because plaintiff sues Pellant, Bauer and Schwartz only in their individual capacities, see Second Amended Complaint (Doc. #84) ¶¶ 7, 11-12, these arguments are moot.

378857, at *1 (10th Cir. July 8, 1996) (citing <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996)).

Here, plaintiff alleges that defendants collectively detained him without due process and were deliberately indifferent to his rights, but he does not identify any particular action by Pellant, Bauer or Schwartz. Plaintiff's generic collective allegations are insufficient to allege personal participation by Pellant, Bauer and Schwartz in this case.[10] <u>See</u> <u>Davidson v. Kansas</u>, No. 99-3235-KHV, 2001 WL 533207, at *4-5 (D. Kan. Mar. 13, 2001) (allegations which do not attribute particular actions to individual defendants insufficient to allege individualized participation necessary to state claim under Section 1983); <u>see also</u> <u>Esnault v. Suthers</u>, 24 Fed. Appx. 854, 855 (10th Cir. 2001) (allegation that each defendant's personal participation caused deprivation of federal right essential to Section 1983 claim); <u>Aston v. Cunningham</u>, 216 F.3d 1086 (Table), 2000 WL 796086, at *4 (10th Cir. June 21, 2000) (to state claim under Section 1983, complaint must allege misconduct of each defendant and how each defendant personally participated). The Court therefore sustains the motion to dismiss plaintiff's Section 1983 claim against Pellant, Bauer and Schwartz for failure to state a claim on which relief can be granted under Rule 12(b)(6).

### ii. Negligence

Pellant, Bauer and Schwartz argue that plaintiff has not stated a claim for negligence under Kansas law because he has not alleged that they owed him a duty of care. Plaintiff responds that

---

[10]     Plaintiff's generic collective allegations are especially problematic because of the large number and diversity of the named defendants. For example, in paragraph 41(a), plaintiff alleges that "[a]ll Defendants . . . failed to notify the State of Missouri that Plaintiff was incarcerated in the State of Kansas for an inordinately long amount of time." Literally, this allegation complains that the State of Missouri failed to notify itself of plaintiff's incarceration. Such an allegation is not actionable under Section 1983 or state negligence law.

the complaint alleges that they owed him a duty because (1) he was a custodial inmate, and (2) they directly caused him injury, presumably by failing to notify the State of Missouri of his wrongful incarceration and failing to take steps to release him.

To state a claim for negligence under Kansas law, plaintiff must allege (1) the existence of a duty; (2) breach of that duty; (3) injury; and (4) a causal connection between plaintiff's injury and the duty breached.[11]  Schmelzle v. Wal-Mart, Inc., 230 F. Supp.2d 1254, 1259 (D. Kan. 2002) (citing Honeycutt ex rel. Phillips v. City of Wichita, 251 Kan. 451, 463, 836 P.2d 1128, 1136 (1992)).  The existence of a duty is a question of law for the Court.  Yount v. Deibert, 282 Kan. 619, 624, 147 P.3d 1065, 1070 (2006).  Under the liberal notice pleading standards of Rule 8(a), plaintiff must at a minimum allege sufficient underlying facts from which the Court may find the existence of a duty.  See Sheldon v. Vermonty, 31 F. Supp.2d 1287, 1296 (D. Kan. 1998) (Rule 8(a) requires plaintiff to allege facts from which court can infer existence of duty); see also Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court will not supply additional factual allegations to round out plaintiff's complaint).

Generally, the public duty doctrine recognized under Kansas law provides that law enforcement

---

[11]     When deciding state law claims under diversity or supplemental jurisdiction, a federal district court applies the choice of law rules of the state in which it sits.  Koch v. Koch Indus., Inc., 2 F. Supp.2d 1416, 1420 (D. Kan. 1998) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).  Kansas courts generally apply the First Restatement of Conflicts of Law to choice of law issues.  See ARY Jewelers, L.L.C. v. Krigel, 277 Kan. 464, 481, 85 P.3d 1151, 1161-62 (2004).  Under the First Restatement approach to negligence claims, Kansas courts follow the rule of *lex loci delicti* and apply the substantive law of the state where the wrong occurs (i.e. the place of injury).  Dragon v. Vanguard Indus., Inc., 277 Kan. 776, 785, 89 P.3d 908, 914 (2004).  Here, plaintiff's injury clearly occurred in Kansas, where he was incarcerated for approximately six months.  Because Kansas is the place of injury in this case, its law governs plaintiff's negligence claim.

officers owe their duties to the public at large and not to any particular individual.[12]  <u>Mills v. City of Overland Park</u>, 251 Kan. 434, 446, 837 P.2d 370, 379 (1992).  Under this doctrine, "[n]egligence liability attaches to an officer only when he or she breaches a specific affirmative duty owed to a particular person," and "[a]bsent some special relationship with or specific duty owed to an individual, liability will not lie for damages."  <u>Lamb v. State</u>, 33 Kan. App.2d 843, 849, 109 P.3d 1265, 1270 (2005).  The Kansas Supreme Court has recognized that a specific duty arises on the part of a law enforcement officer "(1) where there is an affirmative act by the officer causing injury; [or] (2) when a specific promise or representation by the officer is made under circumstances creating justifiable reliance."  <u>Dauffenbach v. City of Wichita</u>, 233 Kan. 1028, 1033, 667 P.2d 380, 385 (1983).

Here, the complaint does not mention any duty which any defendant allegedly owed plaintiff.  While the Court recognizes that plaintiff need not state with precision every element of his claim, the Court cannot discern from the complaint any duty which Pellant, Bauer and Schwartz owed plaintiff as a result of some affirmative act or promise.[13]  Plaintiff alleges that "[a]ll defendants were negligent in failing to notify the State of Missouri or continuing to hold plaintiff when they had no right to do so."  <u>Second Amended Complaint</u> (Doc. #84 ) ¶ 47.  From the complaint, it appears that Pellant and Bauer

---

[12]     Under Kansas law, Pellant, Bauer and Schwartz are law enforcement officers charged "with a duty to maintain or assert custody or supervision over persons accused or convicted of a crime."  <u>See</u> K.S.A. § 22-2202(13).

[13]     Although plaintiff does not make this argument, the Court notes that ICAOS does not appear to create a duty on the part of Pellant, Bauer and Schwartz.  ICAOS creates an administrative framework among the states for handling post-release supervision across state lines, and the Court construes nothing in ICAOS which imposes duties on law enforcement officers.  Such duties continue to be controlled by general principles of state law.  <u>See</u> 4 U.S.C. § 112(a) (authorizing crime prevention compacts between states for enforcement of their "respective criminal laws and policies"); Interstate Comm'n for Adult Offender Supervision, Rule 4.101 ("A receiving state shall supervise an offender transferred under the interstate compact in a manner determined by the receiving state and consistent with the supervision of other similar offenders sentenced in the receiving state.").

(as administrators of ICAOS) and Schwartz (as parole supervisor) were responsible for supervising plaintiff while he was on probation in the State of Kansas.  Plaintiff alleges no facts which suggest that they detained him.[14]  Plaintiff's negligence claim against Pellant, Bauer and Schwartz apparently stems from their failure to notify the State of Missouri of his allegedly wrongful incarceration, and their failure to take steps to release him.  Such omissions do not implicate specific duties which are necessary under Kansas law to sustain a negligence claim against Pellant, Bauer and Schwartz.[15]  See Moss v. Mamalis, 36 Kan. App.2d 151, 160-61, 138 P.3d 380, 387 (2006) (general duty to supervise parolees or probationers does not create special relationship necessary to sustain negligence claim under Kansas law; duty does not extend to investigation of plaintiff's legal claims).  The Court therefore sustains the motion to dismiss plaintiff's negligence claim against Pellant, Bauer and Schwartz for failure to state a claim on which relief can be granted under Rule 12(b)(6).

## III.    Kansas Defendants Mark Keating And John Sledd

Keating (parole supervisor) and Sledd (special enforcement parole officer) argue that the Court should dismiss plaintiff's claims for failure to state a claim on which relief can be granted under Rule 12(b)(6).  Specifically, Keating and Sledd argue that (1) plaintiff's claim under Section 1983 does not allege their personal participation in any constitutional violation, and (2) plaintiff's claim under Kansas

---

[14]    Plaintiff does not allege who arrested or detained him.  The complaint alleges that the "Wyandotte County Sheriff is charged with operating the Wyandotte County Adult Detention Center," Second Amended Complaint (Doc. #84) ¶ 4, where plaintiff was detained after his arrest in September of 2004, id. ¶ 35.  From these allegations, the Court infers that Sheriff LeRoy Green, Jr. – and not these three defendants – detained plaintiff.

[15]    Examples of affirmative acts which create a specific duty on the part of a law enforcement officer under Kansas law include placing an individual under arrest and committing an assault.  Dauffenbach, 233 Kan. at 1033, 667 P.2d at 385.  Here, plaintiff has not alleged that Pellant, Bauer and Schwartz placed him under arrest, assaulted him or took any other comparable action against him.

negligence law does not allege that they owed plaintiff a duty of care.[16]  These arguments are identical

to those of Pellant, Bauer and Schwartz, and plaintiff's response is also identical to the response

described above.  From the allegations of the complaint, the Court can discern no meaningful difference

between Keating and Sledd and Pellant, Bauer and Schwartz.  They all apparently served in some

supervisory capacity over plaintiff's probation in the State of Kansas and plaintiff asserts his claims

against them through generic allegations pertaining collectively to all defendants.  Thus, for

substantially the reasons described above with regard to plaintiff's claims against Pellant, Bauer and

Schwartz, the Court sustains the motion to dismiss plaintiff's claims against Keating and Sledd for

failure to state a claim on which relief can be granted under Rule 12(b)(6).

## IV.     Missouri Department Of Corrections And Missouri Defendants Dana Thompson, Wanda LaCour, Tim Wholf And Abby McAdams

MDOC, Thompson (ICAOS administrator for the Missouri Board of Probation and Parole),

LaCour (deputy ICAOS administrator for the Missouri Board of Probation and Parole), Wholf (parole

officer) and McAdams (probation and parole officer II for MICA) argue that the Court should dismiss

plaintiff's claims for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a

claim on which relief can be granted under Rule 12(b)(6).[17]

---

[16]     Keating and Sledd also argue that the complaint does not state a claim under Section 1983 in their official capacities because they are not "persons" within the meaning of Section 1983 and they are entitled to Eleventh Amendment immunity as state officials.  Because plaintiff sues Keating and Sledd only in their individual capacities, see Second Amended Complaint (Doc. #84) ¶¶ 8-9, these arguments are moot.

[17]     The Missouri defendants ask the Court to apply their motion to dismiss to plaintiff's second amended complaint, which he filed after they filed their motion to dismiss.  Because the motion to dismiss remains pertinent to plaintiff's amended claims, the Court sustains the motion to apply the motion to dismiss to plaintiff's second amended complaint.

-13-

### A.      Lack Of Subject Matter Jurisdiction

MDOC argues that as an agency of the State of Missouri, it is entitled to sovereign immunity under the Eleventh Amendment.[18]  See Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1196 (10th Cir. 1998) (unless waived, Eleventh Amendment sovereign immunity bars suits against states and their agencies for monetary and injunctive relief).  Plaintiff concedes this point.  See Plaintiff's Response To Motion To Dismiss Of Defendants, Probation And Parole Division, Dana Thompson, Wanda LaCour, Tim Wolfe and Abby McAdams (Missouri Defendants) (Doc. #86) filed March 6, 2007 at 2.  The Court agrees that MDOC is entitled to sovereign immunity and finds that it lacks subject matter jurisdiction over plaintiff's claims against MDOC.  See Kikumura v. Osagie, 461 F.3d 1269, 1299 (10th Cir. 2006) (valid claim of sovereign immunity strips district court of subject matter jurisdiction).  The Court therefore sustains the motion to dismiss plaintiff's claims against MDOC for lack of subject matter jurisdiction under Rule 12(b)(1).

### B.      Failure To State A Claim

Thompson, LaCour, Wholf and McAdams argue that plaintiff has not stated a claim on which relief can be granted under Section 1983 or state negligence law.

#### i.      Section 1983

Thompson, LaCour, Wholf and McAdams argue that under Rule 12(b)(6), the Court should dismiss plaintiff's Fourteenth Amendment due process claim under Section 1983 because (1) they complied with the relevant provisions of ICAOS; (2) they are entitled to absolute immunity;

---

[18]      Thompson, LaCour, Wholf and McAdams argue that sovereign immunity also bars plaintiff's claims against them in their official capacities.  Because plaintiff sues them only in their individual capacities, see Second Amended Complaint (Doc. #84) ¶¶ 14, 16-17, 19, this argument is moot.

and (3) they are entitled to qualified immunity.

### a.    Compliance With The ICAOS

Thompson, LaCour, Wholf and McAdams argue that their compliance with the ICAOS absolves them of liability for any Fourteenth Amendment due process violation.[19]   This argument does not attack the sufficiency of the complaint, but hinges on the assertion that they fully complied with the ICAOS by requesting information from Kansas authorities regarding plaintiff's arrest and refusing to take plaintiff into custody until they received such information.  From the complaint, the Court cannot conclude beyond doubt that Thompson, LaCour, Wholf and McAdams are relieved from liability under Section 1983 because they fully complied with ICAOS.  The Court therefore overrules their motion to dismiss on this ground.

### b.    Absolute Immunity

Thompson, LaCour, Wholf and McAdams argue that they are entitled to absolute immunity from liability stemming from the performance of their duties related to the judicial process.  For this proposition, they rely on <u>Snell v. Tunnell</u>, 920 F.2d 673 (10th Cir. 1990), in which the Tenth Circuit noted that "[t]he Supreme Court has recognized the defense of absolute immunity from civil rights suits in several well-established contexts involving the judicial process."  <u>Id.</u> at 686.  As a rule, however, one claiming absolute immunity must demonstrate "clear entitlement," <u>Robinson v.</u>

---

[19]    In support of their motion, Thompson, LaCour, Wholf and McAdams have attached relevant provisions of the ICAOS.  Normally, for the Court to consider evidence beyond the pleadings, it must convert the motion to dismiss into a motion for summary judgment.  <u>See</u> Fed. R. Civ. P. 12(b); <u>Lamb v. Rizzo</u>, 391 F.3d 1133, 1136 (10th Cir. 2004).  Here, plaintiff does not challenge the authenticity of the ICAOS provisions, and because the complaint refers to ICAOS and its provisions are central to plaintiff's claim, the Court may consider these provisions without converting the motion into a motion for summary judgment.  <u>See</u> <u>Martin v. Cent. States Emblems, Inc.</u>, 150 Fed. Appx. 852, 858-59 (10th Cir. 2005).

Volkswagenerk AG, 940 F.2d 1369, 1370 (10th Cir. 1991), and the Tenth Circuit has determined that "the functions [of a parole officer who detains an individual pending a revocation hearing] are too far removed from the judicial process to be accorded absolute immunity," Mee v. Ortega, 967 F.2d 423, 427 (10th Cir. 1992); see also Russ v. Uppah, 972 F.3d 300, 303 (10th Cir. 1992) (decisions involving revocation of probation do not warrant absolute immunity).  For purposes of absolute immunity, the Court finds no meaningful distinction between parole officers and probation officers.  The allegations of the complaint that Thompson, LaCour, Wholf and McAdams were somehow involved in plaintiff's probation revocation proceedings do not suggest that they served a function so closely related to the judicial process as to clearly entitle them to absolute immunity.  The Court therefore overrules the motion to dismiss on the ground that Thompson, LaCour, Wholf and McAdams are entitled to absolute immunity.

### c.        Qualified Immunity

Thompson, LaCour, Wholf and McAdams argue that they are entitled to qualified immunity as probation officers.  Defendants may properly raise qualified immunity in a Rule 12(b)(6) motion to dismiss; asserting such immunity in this fashion, however, "subjects the defendant[s] to a more challenging standard of review than would apply on summary judgment." Peterson v. Jensen, 371 F.3d 1199, 1201 (10th Cir. 2004).  Qualified immunity "shields government officials performing discretionary functions from liability 'if their conduct does not violate clearly established rights of which a reasonable government official would have known.'" Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006) (quoting Perez v. Unified Gov't of Wyandotte County/Kansas City, Kan., 432 F.3d 1163, 1165 (10th Cir. 2005)).  The Court must make two determinations in evaluating defendants' qualified immunity.  First, the Court must determine whether plaintiff has alleged the deprivation of a

constitutional right.  Peterson, 371 F.3d at 1202 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).

Second, the Court must determine whether that right was clearly established at the time of the alleged

violation.  Id. (citing Saucier, 533 U.S. at 201).  Plaintiff bears the burden of alleging facts sufficient to

allow the Court to make these determinations.  See id. at 1202-03; see also Perez, 432 F.3d at 1165.  If

plaintiff's allegations sufficiently allege the deprivation of a clearly established constitutional right,

qualified immunity will not protect defendant.

     With regard to the first element, Thompson, LaCour, Wholf and McAdams argue that plaintiff

has not alleged the deprivation of a constitutional right because they complied with ICAOS.  As noted

above, however, the Court cannot conclude beyond doubt that defendants fully complied with ICAOS.

Furthermore, this argument begs the issue whether compliance with ICAOS satisfies the due process

requirements of the Fourteenth Amendment – an issue which the parties have not addressed.

     With regard to the second element, Thompson, LaCour, Wholf and McAdams argue that

plaintiff's constitutional right was not clearly established at the time of the alleged deprivation because

a reasonable probation officer would not have known that failing to retake plaintiff into custody would

constitute a due process violation under the Fourteenth Amendment.  The complaint, however, alleges

that defendants knew that plaintiff was being held without just cause, yet failed to take action to secure

his release.  Mee clearly establishes plaintiff's constitutional right to be free from known unlawful

incarceration following an arrest on suspicion of a probation violation. 967 F.2d at 430 (detention which

reasonable parole officer could not believe lawful violates due process).  The Court therefore finds that

plaintiff has sufficiently alleged the deprivation of a clearly established constitutional right, and

overrules the motion to dismiss on the ground that Thompson, LaCour, Wholf and McAdams are

entitled to qualified immunity.

Although Thompson, LaCour, Wholf and McAdams are not entitled to dismissal on any of the grounds raised in this motion, the Court notes that the complaint does not appear to sufficiently allege their personal participation in any constitutional violation.  As described above, plaintiff's generic collective allegations do not state a claim under Section 1983.  Accordingly, on or before **May 14, 2007**, plaintiff shall show good cause in writing why the Court should not dismiss his Section 1983 claim against Thompson, LaCour, Wholf and McAdams for failure to state a claim on which relief can be granted.

### ii.    Negligence

Thompson, LaCour, Wholf and McAdams argue that the Court should dismiss plaintiff's negligence claim under Rule 12(b)(6) because (1) plaintiff has not alleged any duty which they owed to him; and (2) their conduct is protected by the discretionary function exception of the Kansas Tort Claims Act, K.S.A. § 75-6104(e).[20]  The duty argument, like the argument described above, is predicated on the public duty doctrine under Kansas law.  As with Pellant, Bauer, Schwartz, Keating and Sledd, plaintiff alleges that Thompson, LaCour, Wholf and McAdams failed to act to secure his release from

---

[20]     The parties dispute whether the Court should apply Kansas or Missouri law to plaintiff's negligence claim against these Missouri defendants.  Thompson, LaCour, Wholf and McAdams argue that Kansas and Missouri law differ with respect to (1) the breadth of immunity which they enjoy and (2) the maximum damages which plaintiff might recover.  As noted above, the Court will apply the First Restatement of Conflicts of Law, which governs choice of law issues under Kansas law.  See Krigel, 277 Kan. at 481, 85 P.3d at 1161-62.  Under the First Restatement approach to negligence claims, Kansas courts follow the rule that "where a negligent act originates outside the state, the situs of resulting injury determines the governing law."  Taylor v. Phelan, 9 F.3d 882, 885 (10th Cir. 1993) (citing Ling v. Jan's Liquors, 237 Kan. 629, 634-35, 703 P.2d 731, 735 (1985)).  Here, the allegedly negligent conduct by Thompson, LaCour, Wholf and McAdams (i.e. failing to take action to force the State of Kansas to release him) arguably occurred in Missouri, where Thompson, LaCour, Wholf and McAdams apparently work.  Plaintiff's injury clearly occurred in Kansas, however, where he remained incarcerated for approximately six months.  Because Kansas is the place of injury in this case, its law governs and the Court only evaluates defendants' arguments under Kansas negligence law.

custody.  Plaintiff does not allege that as law enforcement officers, defendants owed him a specific duty

sufficient to sustain a negligence claim under Kansas law.  See Dauffenbach, 233 Kan. at 1033, 667 P.2d

at 385 (specific duty created by affirmative act causing injury or promise creating justifiable reliance).

The complaint does not allege that Thompson, LaCour, Wholf and McAdams committed some

affirmative act against plaintiff or made some promise to him, or allege facts from which the Court

might find that Thompson, LaCour, Wholf and McAdams owed plaintiff a specific duty.[21]  The Court

therefore sustains the motion to dismiss plaintiff's negligence claim against Thompson, LaCour, Wholf

and McAdams for failure to state a claim on which relief can be granted under Rule 12(b)(6).

## V.   Remaining Defendants

The State of Kansas,[22] Krisha Krumroy (employee of the Kansas Post-Release Parolee

Department), Wyandotte County, LeRoy Green, Jr. (Wyandotte County Sheriff), the Missouri Interstate

Compact Agency and Patricia Meade have not filed motions to dismiss plaintiff's claims against them.

As explained below, however, plaintiff's claims appear to be defective with respect to at least some of

these parties.

### A.   The State Of Kansas

It is well established that under the Eleventh Amendment doctrine of sovereign immunity, non-

consenting states may not be sued by private individuals in federal court unless (1) the state consents

---

[21]     As noted above, the Court does not construe ICAOS to create a duty on the part of these defendants.  See supra note 13.

[22]     The caption of the complaint lists as a defendant, "STATE OF KANSAS and/or DEPT OF CORRECTIONS," and paragraph 2 states that, "Defendant, State of Kansas and/or State Department of Corrections may be served with process by serving the Kansas Attorney General."  Second Amended Complaint (Doc. #84) at 1 & ¶ 2.  Because KDOC is separately listed as a defendant, see id. at 1 & ¶ 13, the Court assumes that by his reference to the State of Kansas and/or Department of Corrections, plaintiff intends to sue the State of Kansas.

to suit; (2) Congress expressly abrogates the state's immunity; or (3) the citizen sues a state official for prospective relief.  See Goin v. Kansas, No. 06-2165-KHV, 2007 WL 852372, at *2 (D. Kan. Mar. 19, 2007) (citing Opala v. Watt, 454 F.3d 1154, 1157 (10th Cir. 2006)).  Here, plaintiff has alleged no facts from which the Court might determine that the sovereign immunity of the State of Kansas has been waived or abrogated.  It therefore appears that the State of Kansas is entitled to sovereign immunity. See Kikumura, 461 F.3d at 1299.  Accordingly, on or before **May 14, 2007**, plaintiff shall show good cause in writing why the Court should not dismiss his claims against the State of Kansas for lack of subject matter jurisdiction.

### B.    LeRoy Green, Jr.

Plaintiff sues Sheriff Green in his official and individual capacities.  With regard to the official capacity claims, Sheriff Green may be considered either an officer of the State of Kansas or an officer of Wyandotte County.  See Moore, 470 F. Supp.2d at 1255-56.  To the extent that Sheriff Green is considered an officer of the State of Kansas, he appears to be entitled to sovereign immunity.  Id. at 1256 (citing Meade v. Grubbs, 841 F.2d 1512, 1529 n.17 (10th Cir. 1988)).  To the extent that Sheriff Green is considered an officer of Wyandotte County, plaintiff's official capacity claim against him is actually a claim against Wyandotte County.  See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 n.55 (1978) (official capacity suits simply another way of pleading action against entity of which officer is agent).  Plaintiff's official capacity claim against Sheriff Green therefore appears to be redundant with plaintiff's separate claim against Wyandotte County, making dismissal of the claim appropriate.  See Moore, 470 F. Supp.2d at 1256; see also Burns v. Bd. of County Comm'rs of the County of Jackson, 197 F. Supp.2d 1278, 1296-97 (D. Kan. 2002) (redundant official capacity claims dismissed as matter of judicial economy); Sims v. Unified Gov't of Wyandotte County/Kansas

City, Kan., 120 F. Supp.2d 938, 944 (D. Kan. 2000) (duplicative official capacity claims afford no additional relief and should be dismissed).  Accordingly, on or before **May 14, 2007**, plaintiff shall show good cause in writing why the Court should not dismiss his official capacity claims against Sheriff Green for lack of subject matter jurisdiction or failure to state a claim on which relief can be granted.

### C.      The Missouri Interstate Compact Agency

From the allegations of the complaint, it appears that MICA is an agency of the State of Missouri.  Like MDOC, MICA appears to be entitled to sovereign immunity.  See Ellis, 163 F.3d at 1196.  Accordingly, on or before **May 14, 2007**, plaintiff shall show good cause in writing why the Court should not dismiss his claims against MICA for lack of subject matter jurisdiction.

### D.      Patricia Meade

Plaintiff's allegations against Meade are indistinguishable from his allegations against McAdams.  Specifically, each party is alleged to be a probation and parole officer for MICA, and each is collectively alleged to have committed wrongful acts.  From these allegations, it appears that the complaint does not sufficiently allege Meade's personal participation in any constitutional violation under Section 1983 or the existence of a duty which Meade owed to plaintiff under Kansas negligence law.  Accordingly, on or before **May 14, 2007**, plaintiff shall show good cause in writing why the Court should not dismiss his claims against Meade for failure to state a claim on which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendants [Kansas] Department Of Corrections And Kansas City Parole Office Motion To Dismiss (Doc. #44) filed February 15, 2007 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendants' Pellant, Bauer And Schwartz Motion To Dismiss (Doc. #47) filed February 20, 2007 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that <u>Defendants' Keating And Sledd Motion To Dismiss</u> (Doc. #55) filed February 26, 2007 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the <u>Missouri Defendants' Motion For Application Of Motion To Dismiss To Plaintiff's Second Amended Complaint</u> (Doc. #95) filed April 27, 2007 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the <u>Motion To Dismiss</u> (Doc. #62) which the Missouri Department of Corrections, Dana Thompson, Wanda LaCour, Tim Wholf and Abby McAdams filed March 2, 2007 be and hereby is **SUSTAINED IN PART**.  The Court dismisses all plaintiff's claims against the Missouri Department of Corrections, and plaintiff's negligence claim against Thompson, LaCour, Wholf and McAdams.

**IT IS FURTHER ORDERED that on or before May 14, 2007, plaintiff shall show good cause in writing why the Court should not dismiss his Section 1983 claim against Thompson, LaCour, Wholf and McAdams for failure to state a claim on which relief can be granted.**

**IT IS FURTHER ORDERED that on or before May 14, 2007, plaintiff shall show good cause in writing why the Court should not dismiss his claims against the State of Kansas for lack of subject matter jurisdiction.**

**IT IS FURTHER ORDERED that on or before May 14, 2007, plaintiff shall show good cause in writing why the Court should not dismiss his official capacity claims against LeRoy Green, Jr. for lack of subject matter jurisdiction or failure to state a claim on which relief can be granted.**

**IT IS FURTHER ORDERED that on or before May 14, 2007, plaintiff shall show good cause in writing why the Court should not dismiss his claims against the Missouri Interstate**

Compact Agency for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED that on or before May 14, 2007, plaintiff shall show good cause in writing why the Court should not dismiss his claims against Meade for failure to state a claim on which relief can be granted.**

Dated this 30th day of April, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge