**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MICHAEL GRAYSON,**           ) | |
|                                ) | |
|           **Plaintiff,**       ) | |
|                                ) | CIVIL ACTION |
| v.                             ) | |
|                                ) | No. 06-2375-KHV |
| **STATE OF KANSAS, et al.,**   ) | |
|                                ) | |
|           **Defendants.**      ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Michael Grayson brings suit against the State of Kansas, the Kansas Department of Corrections ("KDOC"), Keven Pellant (Interstate Compact for Adult Offender Supervision ("ICAOS") administrator for KDOC), Jerry Bauer (deputy ICAOS administrator for KDOC), Krisha Krumroy (employee of Kansas Post-Release Parolee Department), the Unified Government of Kansas City, Kansas/Wyandotte County ("Wyandotte County"), LeRoy Green, Jr. (Wyandotte County Sheriff), the Kansas City Parole Office ("KCPO"), John Sledd (special enforcement parole officer) and parole supervisors Don Schwartz and Mark Keating. Plaintiff also brings suit against the Missouri Department of Corrections ("MDOC"), Dana Thompson (ICAOS administrator for the Missouri Board of Probation and Parole), Wanda LaCour (deputy ICAOS administrator for the Missouri Board of Probation and Parole), Tim Wholf (parole officer), the Missouri Interstate Compact Agency ("MICA") and MICA probation and parole officers Abby McAdams and Patricia Meade. Plaintiff alleges a violation of the due process clause of the Fourteenth Amendment under 42 U.S.C. § 1983, and negligence under state law.[1]

---

[1] Plaintiff originally filed suit in Kansas state court against the State of Kansas, KDOC, Sheriff Green, Wyandotte County and Krumroy; these defendants removed the action to federal court. See Notice Of Removal (Doc. #1) filed September 8, 2006. Plaintiff later filed an amended complaint
(continued...)

On April 30, 2007, the Court dismissed for lack of personal jurisdiction plaintiff's claims against KDOC and KCPO. See Memorandum And Order And Order To Show Cause (Doc. #96) at 5-6. The Court dismissed for lack of subject matter jurisdiction plaintiff's claims against MDOC. See id. at 14. The Court dismissed for insufficient service of process plaintiff's claims against Pellant, Bauer and Schwartz, see id. at 6-8, and for failure to state a claim plaintiff's claims against Pellant, Bauer, Schwartz, Keating and Sledd, see id. at 8-13. Finally, the Court dismissed for failure to state a claim plaintiff's negligence claim against Thompson, LaCour, Wholf and McAdams. See id. at 18-19. In addition, the Court ordered plaintiff to show good cause in writing why it should not dismiss (1) plaintiff's Section 1983 claim against Thompson, LaCour, Wholf and McAdams for failure to state a claim; (2) plaintiff's claims against the State of Kansas for lack of subject matter jurisdiction; (3) plaintiff's official capacity claims against Sheriff Green for failure to state a claim; (4) plaintiff's claims against MICA for lack of subject matter jurisdiction; and (5) plaintiff's claims against Meade for failure to state a claim. See id. at 22-23.

This matter comes before the Court on Plaintiff's Response To The Court's Order To Show Cause Why The State Of Kansas Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction ("Plaintiff's Response Re: State Of Kansas") (Doc. #99), Plaintiff's Response To The Court's Order To Show Cause Why The Court Should Not Dismiss § 1983 Claims Against Defendants Thompson, LaCour, Wolfe, McAdams And Meade ("Plaintiff's Response Re: Thompson, LaCour, Wholf, McAdams And Meade") (Doc. #100), and Plaintiff's Response To The Court's Order To Show Cause Why Defendant, Sheriff LeRoy Green, Jr.'s Official Capacity Claim And The Claim Against The

---

[1](...continued)
which named the remaining defendants. See Second Amended Complaint (Doc. #84) filed April 4, 2007.

Missouri Interstate Compact Agency Should Not Be Dismissed (Doc. #101), all filed May 14, 2007. Also before the Court are plaintiff's Motion To Remand (Doc. #102), plaintiff's Motion To Vacate The Court's Order Of April 30, 2007 (Doc. #103) and plaintiff's Motion To Reconsider (Doc. #104), all filed May 14, 2007. For reasons stated below, the Court overrules plaintiff's motions, finds that his claims against Thompson, LaCour, Wholf, McAdams, Green, MICA and Meade should be dismissed and further finds that his claims against the State of Kansas should remain in the case.

**I.     Plaintiff's Claims Against The State Of Kansas**

The Court ordered plaintiff to show cause why his claims against the State of Kansas should not be dismissed for lack of subject matter jurisdiction. Specifically, the Court noted that the Eleventh Amendment doctrine of sovereign immunity appears to bar such claims. See Memorandum And Order And Order To Show Cause (Doc. #96) at 19-20. In response, plaintiff concedes that the State of Kansas is entitled to sovereign immunity. See Plaintiff's Response Re: State Of Kansas (Doc. #99) at 2. Despite this concession, the Court cannot find that the State of Kansas is entitled to sovereign immunity under the Eleventh Amendment.

As noted above, defendants (including the State of Kansas) removed this case from Kansas state court. See Notice Of Removal (Doc. #1). The Tenth Circuit has unequivocally held that "a state entity waives its Eleventh Amendment immunity by affirmative litigation conduct such as removing a case to federal court." Schrier v. Univ. of Colo., 427 F.3d 1253, 1268 (10th Cir. 2005). Under these circumstances, the Court cannot find that it lacks subject matter jurisdiction over plaintiff's claims against the State of Kansas under the Eleventh Amendment. Id. (dismissal on Eleventh Amendment grounds erroneous where state waives sovereign immunity by removing case to federal court). Accordingly, plaintiff's claims against the State of Kansas remain in the case.

## II.    Plaintiff's Claims Against Thompson, LaCour, Wholf, McAdams And Meade

As noted above, the Court ordered plaintiff to show cause why his Section 1983 claim against Thompson, LaCour, Wholf, McAdams and Meade should not be dismissed for failure to state claim.[2] Specifically, the Court noted that the complaint did not appear to sufficiently allege the personal participation of those individuals in any constitutional violation. See Memorandum And Order And Order To Show Cause (Doc. #96) at 18, 21. Plaintiff responds that he has sufficiently alleged personal participation by alleging that (1) defendants knew or should have known that he was being wrongfully detained, see Second Amended Complaint (Doc. #84) ¶ 37; (2) he was held for more than five months without due process, id. ¶ 40; (3) all Missouri defendants failed to take timely action to get him released, thus causing his unlawful detention, id. ¶ 41(b); and (4) he informed defendants and their employees on numerous occasions that he was being held without just cause and should be transferred to the State of Missouri, but defendants deliberately ignored the constitutional violation and did not notify the State of Missouri of his incarceration or release him, id. ¶¶ 42-44.

To state a claim under Section 1983, plaintiff must allege defendants' direct personal responsibility for the claimed deprivation of a constitutional right. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). In other words, personal participation is an essential allegation in a Section 1983 claim, and "[f]ailure to allege that a government official was personally involved in violating a plaintiff's constitutional rights is fatal to [such] claim." Treff v. Barnes, 91 F.3d 160 (Table), 1996 WL

---

[2] The Court also ordered plaintiff to show cause why his negligence claim against Meade should not be dismissed for substantially the reasons that the Court dismissed his negligence claim against Thompson, LaCour, Wholf and McAdams. Plaintiff has not responded to this portion of the Court's show cause order. Accordingly, for substantially the reasons set forth in its previous order to show cause, the Court finds that plaintiff's negligence claim against Meade should be dismissed for failure to state a claim.

-4-

378857, at *1 (10th Cir. July 8, 1996) (citing Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)). Conclusory allegations of personal participation are insufficient to warrant liability. Monroe v. Myers, No. 05-cv-00351-WYD-MEH, 2006 WL 2361812, at *10 (D. Colo. Aug. 15, 2006) (citing Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989)); see also Gadlin v. Watkins, 93 Fed. Appx. 204, 207 (10th Cir. 2004) (plaintiff must allege with specificity facts supporting asserted constitutional violation).

As the Court previously noted, plaintiff's generic collective allegations are inconsistent with the individualized allegations necessary to allege each defendant's personal participation. See Davidson v. Kansas, No. 99-3235-KHV, 2001 WL 533207, at *4-5 (D. Kan. Mar. 13, 2001) (allegations which do not attribute particular actions to individual defendants insufficient to allege individualized participation necessary to state claim under Section 1983); see also Esnault v. Suthers, 24 Fed. Appx. 854, 855 (10th Cir. 2001) (allegation that each defendant's personal participation caused deprivation of federal right essential to Section 1983 claim); Aston v. Cunningham, 216 F.3d 1086 (Table), 2000 WL 796086, at *4 (10th Cir. June 21, 2000) (to state claim under Section 1983, complaint must allege misconduct of each defendant and how each defendant personally participated). Here, the complaint clearly indicates that Thompson, LaCour, Wholf, McAdams and Meade occupied different positions within the Missouri probation and parole system. While Thompson and LaCour allegedly served administrative functions on the Missouri Board of Probation and Parole, McAdams and Meade allegedly served as MICA probation officers and Wholf is vaguely alleged to be a Missouri parole officer. Clearly, each defendant maintains distinct responsibilities. Significantly, however, plaintiff does not allege that any of these defendants were actually responsible in any fashion for supervising his probation or transfer to the State of Missouri. The complaint certainly does not contain individualized allegations

regarding the distinct role each defendant necessarily would have played in the events underlying plaintiff's constitutional claim.[3]

From the complaint and plaintiff's response to the Court's order to show cause, it appears that plaintiff has engaged in nothing more than a fishing expedition inspired by the comparative fault designations of certain defendants.[4] Apparently, plaintiff hopes that discovery will reveal whether the Missouri defendants or the Kansas defendants are responsible for his alleged constitutional violation.

---

[3] For example, it appears that Thompson and LaCour (as administrators) are alleged to be liable in their supervisory capacities. Allegations of supervisor liability under Section 1983, however, are distinct from basic allegations of wrongful conduct. Plaintiff must allege some affirmative link between a supervisor and the constitutional violation. Jenkins v. Wood, 81 F.3d 988, 995 (10th Cir. 1996) (to establish supervisor liability, plaintiff must allege that defendant personally directed violation or had actual knowledge of violation and acquiesced in its continuance). Here, the complaint does not allege such an affirmative link. See Evans v. Simmons, No. 99-3243-KHV, 2001 WL 950965, at *4 (D. Kan. July 20, 2001) (collective allegation that defendants knew or should have known of alleged constitutional violation insufficient to allege individual supervisor's personal participation).

[4] The Complaint alleges that Sheriff Green and Wyandotte County have claimed that Thompson, LaCour, Wholf, McAdams and Meade are partially at fault in this case. See Second Amended Complaint (Doc. #84) ¶¶ 50-51; see also Comparative Fault Designation (Doc. #14) filed December 15, 2006. In response to the show cause order, plaintiff states that "[he] chose to include those additional parties that Defendant alleged were at fault, even though it makes the case more unwieldy. Ultimately, Plaintiff anticipates the dismissal of several parties, either by summary judgment or voluntarily after discovery is accomplished." Plaintiff's Response Re: Thompson, LaCour, Wholf, McAdams And Meade (Doc. #100) at 3. Plaintiff's response suggests that he may not have a good faith basis for arguing the personal participation of each defendant.

Tracing the evolution of plaintiff's claim from his state court petition (which did not name these Missouri defendants) to his second amended complaint, it becomes clear that plaintiff's central allegations have undergone little substantive change despite the addition of 13 defendants to the action. Compare Petition attached as Exhibit 1 to Notice of Removal (Doc. #1) at 7-8, ¶¶ 22, 25, 27-29 (setting forth generic collective allegations in state court action regarding defendants' knowledge and failure to act), with Second Amended Complaint (Doc. #84) ¶¶ 37, 40, 42-44 (setting forth virtually identical allegations in federal action). Apparently, plaintiff's generic allegations, though unchanged, are intended to encompass an ever-widening array of particularized allegations against an expanding list of defendants. Because the allegations do not set forth a clear statement of plaintiff's constitutional claim against each defendant, however, the Court cannot conclude that the allegations sufficiently allege personal participation under Section 1983. See Evans, 2001 WL 950965, at *5 (complaint must include clear statement of plaintiff's claim against each defendant).

See Plaintiff's Response Re: Thompson, LaCour, Wholf, McAdams And Meade (Doc. #100) at 3 (anticipating dispute whether incarceration "was caused by the Probation and Parole supervisors and officers in Missouri or the Probation and Parole supervisors and officers in Kansas"). Given defendants' uncertain roles, however, the allegations of the complaint do not sufficiently state the involvement of Thompson, LaCour, Wholf, McAdams and Meade such that the Court may ascertain the personal participation of each defendant in the alleged constitutional violation. See Evans, 2001 WL 950965, at *4 n.2 (uncertainty of defendants' alleged roles prevents Court from ascertaining affirmative link between each defendant's conduct and alleged constitutional violation). Accordingly, the Court finds that plaintiff's Section 1983 claim against Thompson, LaCour, Wholf, McAdams and Meade should be dismissed for failure to state a claim.[5]

### III. Plaintiff's Claims Against Sheriff Green and MICA

As noted above, the Court ordered plaintiff to show cause why his official capacity claims against Sheriff Green should not be dismissed for failure to state a claim.[6] Specifically, the Court noted that plaintiff's official capacity claims against Sheriff Green are redundant of plaintiff's separate claims against the State of Kansas and/or Wyandotte County. See Memorandum And Order And Order To

---

[5] Plaintiff requests that the Court defer dismissal of this claim in favor of remanding the entire action to state court. As discussed below, the Court will not remand the case and finds that these claims should be dismissed.

Plaintiff requests that if the Court retains jurisdiction over these claims, he be allowed to amend his complaint in lieu of dismissal. Because plaintiff has not filed a proper motion for leave to amend his complaint, see D. Kan. Rule 15.1, the Court does not consider his request.

[6] The Court also ordered plaintiff to show cause why Sheriff Green is not entitled to Eleventh Amendment sovereign immunity in his official capacity. Like the State of Kansas, the Court notes that Sheriff Green removed this case from Kansas state court, see Notice Of Removal (Doc. #1), thereby waiving any Eleventh Amendment immunity, see Schrier, 427 F.3d at 1268. Accordingly, the Court finds that Sheriff Green is not entitled to Eleventh Amendment sovereign immunity.

Show Cause (Doc. #96) at 20 (citing Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 n.55 (1978)) (official capacity suits simply another way of pleading action against entity of which officer is agent). Plaintiff does not specifically respond, but requests that the Court defer dismissal of these claims in favor of remanding the entire action to state court. Because it will not remand the case to state court, the Court dismisses plaintiff's official capacity claims against Sheriff Green as redundant of his claims against the State of Kansas and/or Wyandotte County.

The Court also ordered plaintiff to show cause why his claims against MICA should not dismissed for lack of subject matter jurisdiction. Specifically, the Court noted that such claims appear to be barred by the Eleventh Amendment doctrine of sovereign immunity. See Memorandum And Order And Order To Show Cause (Doc. #96) at 21. Plaintiff does not respond. For substantially the reasons set forth in its previous order to show cause, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims against MICA under the Eleventh Amendment.[7] Accordingly, those claims are dismissed.

## IV. Plaintiff's Motion To Remand

Citing Fent v. Okla. Water Res. Bd., 235 F.3d 553 (10th Cir. 2000), plaintiff argues that because the Court lacks subject matter jurisdiction over his claims against the State of Kansas, the Court should remand the entire action to state court under Section 1447(c). As noted above, however, the Court finds that the State of Kansas has waived its Eleventh Amendment sovereign immunity in this case by

---

[7] Plaintiff originally filed his claims against MICA in federal court by amending his complaint after removal from state court. Unlike the State of Kansas and Sheriff Green, MICA has not waived its sovereign immunity under the Eleventh Amendment because it was not named as a defendant in state court and did not remove this action to federal court. See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 619 (2002) (voluntary invocation of federal court jurisdiction key to waiver of Eleventh Amendment immunity).

removing the action to federal court. The Court therefore retains subject matter jurisdiction over plaintiff's claim against the State of Kansas and the basis for plaintiff's motion to remand is moot.[8] The Court therefore overrules the motion.

## V.    Plaintiff's Motion To Vacate

Anticipating remand of the action to state court, plaintiff requests that the Court vacate its original order dismissing some of his claims so that the state court may rule on all claims. As a practical matter – especially given the lack of authority for such a request – the Court is not inclined to vacate its order on such grounds. Furthermore, because the Court is not remanding any of plaintiff's claims to state court, plaintiff's motion should be summarily overruled.

## VI.    Plaintiff's Motion To Reconsider

As noted above, the Court previously dismissed plaintiff's claims against Pellant, Bauer and Schwartz for insufficient service of process and failure to state a claim on which relief can be granted. Specifically, the Court found plaintiff's service insufficient because plaintiff had not filed a formal waiver of service or complied with service of process under Rule 4(e), Fed. R. Civ. P. See Memorandum And Order And Order To Show Cause (Doc. #96) at 6-8. Plaintiff's motion reiterates his contention that defendants' attorney, Shelly Starr, waived formal service of process. In support of this contention, plaintiff has attached to his motion an email from Starr which states that "[w]e will waive service on the individual defendants." Exhibit A attached to Motion To Reconsider (Doc. #104).

---

[8] The Court's finding that plaintiff's claims against MICA are barred by the Eleventh Amendment does not require remand because, as noted above, those claims were not removed from state court. Further, even if plaintiff where somehow correct that any of his claims should be remanded, this result does not dictate remand of the entire case. See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 392-93 (1998) (state's proper assertion of Eleventh Amendment immunity does not destroy federal court's removal jurisdiction over remaining claims).

As the Court noted in its original order, however, such correspondence is insufficient to constitute a formal waiver of service which must be filed with the Court. See Fed. R. Civ. P. 4(d)(4) (plaintiff must file waiver with court to effectuate service); see also Bernard v. Husky Truck Stop, 45 F.3d 439 (Table), 1995 WL 4087, at *1 (10th Cir. Jan. 6, 1995) (compliance with Rule 4 requires plaintiff to file waiver with court); Queen v. Feden, No. 04-2607-JWL, 2005 WL 1941693, at *19 (D. Kan. Aug. 12, 2005) (same). Because plaintiff has not filed a formal waiver of service or otherwise accomplished service under Rule 4(e), the Court continues to find that plaintiff's service on Pellant, Bauer and Schwartz is insufficient. The Court therefore overrules the motion.[9]

**IT IS THEREFORE ORDERED** that plaintiff has not shown good cause why his Section 1983 claim against Thompson, LaCour, Wholf and McAdams, and his Section 1983 and negligence claims against Meade and Green should not be dismissed for failure to state a claim on which relief can be granted. Plaintiff also has not shown good cause why his claims against MICA should not be dismissed for lack of subject matter jurisdiction. Accordingly, Court dismisses those claims. Plaintiff's claims against the State of Kansas remain in the case.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Remand (Doc. #102) filed May 14, 2007 be and hereby is **OVERRULED**.

---

[9] In his motion, plaintiff asks for leave to secure waiver of service if necessary. Because he has not shown good cause for his failure to timely serve defendants, plaintiff is not entitled to such leave. See Fed. R. Civ. P. 4(m) (plaintiff must effect service within 120 days after filing complaint; where plaintiff shows good cause for failure to timely serve defendant, court shall extend time).

Further, even if the Court were to accept counsel's correspondence as a formal waiver of service or permit plaintiff an extension of time to serve defendants, plaintiff does not request that the Court reconsider the portion of its order dismissing his claims against Pellant, Bauer and Schwartz for failure to state a claim. See Memorandum And Order And Order To Show Cause (Doc. #96) at 8-12. Thus, regardless of any defect in service, plaintiff's claims against Pellant, Bauer and Schwartz are properly dismissed.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Vacate The Court's Order Of April 30, 2007 (Doc. #103) filed May 14, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Reconsider (Doc. #104) filed May 14, 2007 be and hereby is **OVERRULED**.

Plaintiff's claims against the State of Kansas, Wyandotte County and Krisha Krumroy remain in the case. Plaintiff's individual capacity claims against LeRoy Green, Jr. also remain in the case.

Dated this 4th day of June, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge-
